JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

ESTHELA JAUREGUI,
Plaintiff,
v.
NISSAN NORTH AMERICA, INC., et al.,
Defendants.

Case No. 2:25-cv-05953-SRM-KS

**ORDER GRANTING PLAINTIFF JAUREGUI'S MOTION TO REMAND [10]**

Before the Court is Plaintiff Esthela Jauregui's ("Plaintiff Jauregui") Motion to Remand this case to the Superior Court of California, County of Santa Barbara ("Motion"). Dkt. 10. Defendant Nissan North America, Inc. ("Defendant Nissan") opposes the Motion. Dkt. 11. Plaintiff Jauregui filed a reply in support of her Motion ("Reply"). Dkt. 12. The Court has considered the parties' arguments, relevant legal authority and record in this case. For the reasons discussed below, Plaintiff Jauregui's Motion is **GRANTED.**

## I. BACKGROUND

On June 27, 2021, Plaintiff Jauregui purchased a 2020 Nissan Kicks ("Subject Vehicle"), which was manufactured, distributed and sold by Defendant Nissan. *See* Dkt. 1-1 at 4. Plaintiff Jauregui entered a sales contract for the purchase of the Subject Vehicle for an amount of $40,658.75. *Id.* The sales contract also included a written express warranty

issued by Defendant Nissan. *See id.* The warranty provided, in relevant part, that Defendant Nissan agreed to preserve or maintain the utility or performance of the Subject Vehicle or to provide compensation if there was a failure in such utility or performance. *Id.* The Subject Vehicle presented and developed serious defects and nonconformities to the warranty, including but not limited to, engine, electrical, and emission system defects. *Id.* Plaintiff Jauregui then revoked her acceptance of the sales contract. *See* Dkt. 1-1 at 4.

On March 27, 2025, Plaintiff Jauregui filed this action in the Superior Court of the State of California, Count of Santa Barbara, ("Complaint") against Defendant Nissan, identified as Does 1 to 10 in the Complaint. *See* Dkt. 1-1 at 3. Plaintiff Jauregui alleges three claims against Defendant Nissan: (1) Breach of Express Warranty; (2) Breach of Implied Warranty; (3) Violation of the Song-Beverly Act, California Civil Code § 1793.2(b). Dkt. 1-1 at 3–9. She seeks "$40,658.75 actual damages. . . derived from Plaintiff's purchase contract, as well as maximum civil penalties under Section 1794(c) in the amount of two times Plaintiff [Jauregui]'s actual damages under the Act." *See* Dkt. 10 at 6.

On June 30, 2025, Defendant Nissan removed this action to federal court ("Notice of Removal"). Dkt. 1. Defendant Nissan alleges removal is proper based on diversity jurisdiction because there is complete diversity and the amount in controversy exceeds the jurisdictional threshold. *See id.* Plaintiff Jauregui is a citizen of California. *Id.* at 3. Defendant Nissan is a Delaware corporation with its principal place of business in Tennessee. *See id.*

On July 30, 2025, Plaintiff Jauregui filed a Motion to Remand this action to the Superior Court of California, County of Santa Barbara stating that Defendant Nissan failed to timely file the Notice of Removal. *See* Dkt. 10 at 6. Defendant Nissan opposes and argues that the amount in controversy was not unequivocally clear and certain on the face of the complaint, or in any other "paper" served by Plaintiff Jauregui. Dkt. 1 at 2. Therefore, Defendant Nissan alleges that the 30-day window for removal under Section 1446 was not triggered until it discovered that the amount in controversy was jurisdictionally sufficient.

*Id*. In her Reply, Plaintiff Jauregui maintains that remand is appropriate because Defendant Nissan's failure to exercise its "duty to apply a reasonable amount of intelligence in ascertaining removability" renders its Notice of Removal procedurally defective pursuant to Section 1447(c). Dkt. 10 at 6-7.

## II. LEGAL STANDARD

### A. Subject Matter Jurisdiction

Federal courts are "courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *See Gunn v. Minton* 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994)). A defendant may remove any civil action filed in state court if the district court has original jurisdiction over the claims. *See* 28 U.S.C. § 1441(a). A district court has original jurisdiction, also known as subject matter jurisdiction, if there is either federal question jurisdiction or diversity jurisdiction. *See* 28 U.S.C §§ 1331, 1332. Relevant here, diversity jurisdiction requires (1) complete diversity between the parties and (2) that the amount in controversy exceed the sum or value of $75,000. *See* 28 U.S.C. § 1332. When a complaint filed in state court "alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount." *See Guglielmino v. McKee Foods Corp.,* 506 F.3d 696, 699 (9th Cir. 2007).

### B. Motion to Remand

A motion to remand "is the proper procedure for challenging removal." *See Moore-Thomas v. Alaska Airlines, Inc.,* 553 F.3d 1241, 1244 (9th Cir. 2009) (citing 28 U.S.C. § 1447(c)); *see also* 28 U.S.C. § 1446(a) (stating the removal procedure). A removing defendant must file a notice of removal containing a short and plain statement of the grounds for removal. *See Harris v. Bankers Life & Cas. Co.,* 425 F.3d 689, 692 (9th Cir. 2005) (quoting 28 U.S.C. § 1446(a)). The removal statute is strictly construed against removal jurisdiction and must be rejected if there is any doubt as to the right of removal. *See Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). Further, the strong presumption

against removal jurisdiction means that the defendant always has the burden of establishing the propriety of the removal. *See id.* at 567. If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. *See* 28 U.S.C. § 1447 (c).

The threshold question in determining when the thirty-day removal clock began is whether the initial pleading was sufficiently determinate as to the grounds for removal. *See Harris,* 425 F.3d at 694 (establishing that "notice of removability under § 1446(b) is determined through an examination of the four corners of the applicable pleadings" and therefore, under § 1446(b)(1), the "thirty-day requirement is triggered by defendant's receipt of an 'initial pleading' that reveals a basis for removal.").

## III. DISCUSSION

### A. Local Rule 7-3

As a threshold matter, Local Rule 7-3 requires that "counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." C.D. Cal. R. 7-3. Additionally, "[t]he conference must take place in person, by telephone, or via video conference" at least seven days before the filing of the motion. *See id.* The Court may decline to consider a motion unless it meets the requirements of Local Rule 7-3 through 7-8. L.R. 7-4. *See id.* Notwithstanding the failure to comply with Local Rule 7-3, the Court can exercise its discretion to hear the motion on the merits but can "admonish" the parties "to comply with all applicable rules going forward." *See Gonzalez v. Nissan N. Am., Inc.,* No. 2:24-CV-01301-WLH-MAR, 2024 WL 2782102, at *1 (C.D. Cal. May 29, 2024)

Here, Plaintiff Jauregui's Motion to Remand was filed on July 30, 2025. Dkt. 10 at 1. Because Local Rule 7-3 requires a conference at least seven days prior to the filing of a motion, the parties were required to meet on or before July 23, 2025. *See* C.D. Cal. R. 7-3. On July 11, 2025, Plaintiff Jauregui's counsel emailed Defendant Nissan's counsel, notifying them that Plaintiff Jauregui intended to file a Motion to Remand and requested to schedule a conference in compliance with Local Rule 7-3. *See* Dkt. 10-7 at 2. Nothing

in the record suggests that Defendant Nissan responded or attempted to confer as required by Local Rule 7-3. As noted above, the Court can and will exercise its discretion to hear the motion on the merits but advises the parties that it must comply with the Local Rules. *See* C.D. Cal. R. 83-7 (establishing that counsel may be subject to sanctions, including any that the "Court may deem appropriate under the circumstances," by failing to conform to any of the Local Rules.).

**B. Diversity Jurisdiction**

The Court notes that neither party disputes this Court's ability to exercise subject matter jurisdiction. *See generally* Dkts. 1;10. For the purposes of determining complete diversity, a corporation is a citizen of the state where it is incorporated and where it has its principal place of business. *Id.* at § 1332(c)(1). The amount in controversy is the "amount at stake in the underlying litigation." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016) (quoting *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005)).

There are two pathways to removal set forth in 28 U.S.C. § 1446(b), both limited by a thirty-day deadline. Under the first, the thirty-day clock begins when the defendant receives the initial pleading if the possibility of removal is clear. *See* 28 U.S.C. § 1446(b)(1). Under the second, the thirty-day clock begins when the defendant receives a "paper," from which "it may first be ascertained that the case is one which is or has become removable," if the case is not removable based on the initial pleading. *See* 28 U.S.C. § 1446(b)(3).

Plaintiff Jauregui argues that her Complaint triggered Section 1446(b)(1)'s thirty-day removal clock because "the requested prayer for restitution and civil penalties alone, when conducting an arithmetic calculation. . . establishes $121,976.25 in controversy[.]" Dkt. 10 at 10-11. Consequently, Plaintiff Jauregui asserts that remand if proper because Defendant Nissan's Notice of Removal was filed approximately 95 days after Defendant's received the Complaint. *Id.* Defendant Nissan contends that because Plaintiff Jauregui's Complaint "does not affirmatively allege" that the amount in controversy exceeds $75,000

nor that that amount was "unequivocally clear and certain" on the face of the Complaint, their Notice of Removal was timely as it was "filed on the basis of its own information within one year of the commencement of the action." Dkt. 11 at 9.

The Song-Beverly Act allows Plaintiff to recover actual damages, a civil penalty twice the amount of actual damages, and attorney's fees. *See* Cal. Civ. Code § 1794(a)-(d). Actual damages are calculated by the "amount equal to the purchase price paid by the buyer, less that amount directly attributable to the use by the buyer prior to the discovery of the nonconformity." *See* Cal. Civ. Code §§ 1793.2(d)(1)-(2); *see also Schneider v. Ford Motor Co.,* 756 F. App'x 699, 701 n.3 (9th Cir. 2018) (holding that mileage offset is appropriate because "an estimate of the amount in controversy must be reduced if a specific rule of law of damages limits the amount of damages recoverable.") (internal citations and quotations omitted).

Defendant Nissan contends that its "duty to remove under 28 U.S.C § 1446(b) has not been triggered." *See id.* Defendant Nissan claims that under the Song-Beverly Act, potential actual damages for breach of warranty are an amount equal to actual price paid by the buyer less applicable offsets. *See* Dkt. 1 at 4. Defendant Nissan relies on *Covarrubias v. Ford Motor Co.,* for the proposition that a complaint is indeterminate if "it states only the approximate value of the Subject Vehicle without providing any information as to the total cash price for the Subject Vehicle or any information from which the mileage use offset can be determined." *See Covarrubias v. Ford Motor Co.,* No. 2:25-CV-00328-JLS-MAA, 2025 WL 907544, at *2 (C.D. Cal. Mar. 24, 2025).

However, unlike the plaintiff in *Covarrubias*, who failed to include information pertaining to the mileage offset required to calculate actual damages, Plaintiff Jauregui provided the purchase price as reflected in the sales contract and the mileage information required to calculate actual damages. *See* Dkt. 1-1 at 4. According to the complaint, Plaintiff Jauregui first presented the Subject Vehicle for repairs in November 2022 with approximately 9,401 miles on the odometer. *Id.* Defendant Nissan argues that this information alone is indeterminate because Plaintiff Jauregui has not provided the cash

price for the Subject Vehicle. *See* Dkt. 1 at 8. However, as noted above, Plaintiff Jauregui stated in her complaint the price she paid for the Subject Vehicle, as Section 1793.2 requires. *See* Cal. Civ. Code § 1793.2.

Moreover, even if Plaintiff Jauregui did not include the mileage offset, her request of $40,658.75, when added to the civil penalties outlined by the Song Beverly Act, establishes damages well over the jurisdictional threshold of $75,000. *See also Van Horn v. General Motors, LLC,* 725 F. Supp. 3d 1060, 1061–62 (N.D. Cal. 2024) (holding that the amount in controversy was determinate from the complaint because plaintiff requested damages amounting to the cost of the vehicle and Song-Beverly's civil penalty equal to twice her damages even without the inclusion of attorney's fees.); *see also Chavez v. JPMorgan Chase & Co.,* 888 F.3d 413, 418 (9th Cir. 2018) (finding that "the amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails.").

Further, Defendant Nissan, as the removing party, was required "to apply a reasonable amount of intelligence in ascertaining removability." *See Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013). Without having to make "extrapolations or engage in guesswork," defendants should make the "sort of mathematical calculations" that would reveal a jurisdictionally sufficient amount in controversy. *Id.* Here, based upon the information provided in the Complaint, Defendant Nissan could have ascertained that the amount in controversy was over $75,000 by engaging in the mathematical calculation of multiplying the actual damages, $40,658.75, by two, because of the civil penalty, and adding that amount to the sales price of the Subject Vehicle. *See Van Horn*, 725 F. Supp. 3d at 1062. By doing so, Defendant Nissan would have known that the amount in controversy significantly exceeds $75,000 required for establishing diversity jurisdiction. Accordingly, the Court concludes that Plaintiff's Complaint triggered the thirty-day window established in Section 1446(a).

Here, Defendant Nissan was served on March 27, 2025, and filed its Notice of Removal on June 20, 2025. Dkt. 1. This was approximately 95 days after it was served.

Dkt. 1-1 at 1. Therefore, the Court concludes that Defendant Nissan's removal is procedurally defective. *See* 28 § U.S.C. 1446(a).

## IV. CONCLUSION

For the aforementioned reasons, remand is appropriate. The Court **GRANTS** Plaintiff's Jauregui's Motion to Remand this case to the Superior Court of the State of California, County of Santa Barbara. Dkt. 10. Accordingly, this matter is **REMANDED** to the Superior Court of California, County of Santa Barbara, Case No. 25CV01905.

**IT IS SO ORDERED.**

Dated: August 3, 2026

HON. SERENA R. MURILLO
UNITED STATES DISTRICT JUDGE